## Mahlon Hutchinson et al.

### v.

## Jason C. Ayres.

Practice.—On final hearing of a suit in equity against three defendants, the court dismissed the bill against the first of the defendants for want of equity. The complainants subsequently dismissed of their own motion as to the other two, and then appealed the case as against the defendant first mentioned. *Held*, that having voluntarily dismissed their bill as to two necessary parties to the suit, they are not entitled to a decree to enable them to go back to the court below to ask that the order of dismissal as to two of the defendants, made on their own motion with a full knowledge of all the facts, be vacated.

Appeal from the Circuit Court of Cook county; the Hon. Thomas A. Moran, Judge, presiding. Opinion filed December 4, 1885.

This was a bill in equity brought in the Circuit Court of Cook county, by appellants, heirs and legatees of John P. Hutchinson, deceased, against appellee, Ayres, and Maria N. Hutchinson and John V. Thomas, praying for an accounting by them as executors and trustees of the estate of said John P. Hutchinson, and also praying for their removal as such trustees, etc. Hutchinson died testate, December 30, 1872, leaving a widow, the said Maria N. Hutchinson, and three children, the said complainants. By his will, which was duly admitted to probate, he bequeathed to his said children ten thousand dollars each, to be taken out of his estate as each should attain the age of eighteen years, and be invested by his executors for their use and benefit until they should respectively reach the age of twenty-six years, when the money was to be paid over to them absolutely. The rest and residue of his estate, real and personal, he bequeathed to his wife, Maria N. Hutchinson, during her natural life, and at her death so much of his estate as remained was to be divided equally among his then surviving children, with a proviso that any child's share of such remain-

ing estate should also be held in trust until such child or children should respectively attain the age of twenty-six years.

He nominated and appointed his wife, Maria N. Hutchinson, and Jason C. Ayres of Dixon, Illinois, as trustees of his children and executors of his will, giving them power to sell and convey at their discretion any or all of his estate, and to re-invest the same as they might deem best.

Letters testamentary were issued to Ayres and Mrs. Hutchinson in January, 1873, and they proceeded with the administration of the estate until October, 1876, when Ayres, by leave of the court, resigned as executor, whereupon Mrs. Hutchinson, by direction of the court, filed a new bond and proceeded to administer as sole executrix. Subsequently upon petition of her sureties she was required to file a new bond, failing to do which she was removed, and July 25, 1877, John V. Thomas was appointed administrator *de bonis non*, to whom, as her successor, Mrs. Hutchinson turned over the assets of the estate remaining in her hands.

In December, 1882, appellants, and the devisees named in his will, brought the present bill in the Circuit Court of Cook county, against said Ayres, Thomas and Mrs. Hutchinson, alleging that they had wasted and squandered the estate, and praying for an accounting, and that Ayers and Mrs. Hutchinson be removed as trustees, etc. Upon a final hearing the court dismissed the bill for want of equity as to Ayres, decreed that Mrs. Hutchinson, who failed to answer, was guilty of waste, and referred the case to the master to take an account as to her, and retained the bill for further consideration as to Thomas.

The complainants subsequently on their own motion dismissed their bill as to Mrs. Hutchinson and Thomas.

Messrs. EDSALL & EDSALL and Messrs. W. and W. D. BARGE, for defendants in error.

Messrs. THOMAS DENT and Mr. I. K. BOYESEN, for plaintiff in error.

WILSON, J. We might content ourselves with saying that

upon the merits of the case as disclosed in the record we are of opinion that the bill was properly dismissed as to the defendant Ayres, for the reasons stated in the opinion of the chancellor, and found in 17 Chicago Legal News, p. 223. But it may be proper to refer briefly to the condition in which the case is left by the complainants voluntarily dismissing their bill as to the defendants, Maria N. Hutchinson and John V. Thomas.

It is a familiar rule in chancery proceedings that all persons interested in the subject-matter of the litigation, must be made parties to the suit. And in Story' Eq. Pl. § 541, it is said:

"Wherever the want of proper parties appears on the face of the bill it constitutes a good cause of demurrer. If the parties not brought before the court are necessary and proper to the decree to be made under the bill, the exception may also be insisted upon in the answer, or at the hearing." Upon the bill as framed, Mrs. Hutchinson and Thomas were obviously necessary parties. Mrs. Hutchinson, as shown by the bill, was not only co-executrix with Ayres, but also tenant for life of a portion of the estate which it is sought by the bill to take from her control and place in the hands of a trustee to be appointed by the court. She was also trustee for the children named in the will, and so far as appears, has never declined to accept and perform the duties of the trust. Her rights can not be divested by any suit to which she is not a party. And the same is to be said as to so much of the estate as passed into the hands of defendant Thomas.

It follows, that if the complainants had dismissed their bill as to Mrs. Hutchinson and Thomas before or upon the hearing, the court would properly have dismissed the bill as to Ayres, without proceeding to a further hearing of the case. The same result follows, as the case now stands, by the dismissal of the bill as to them after the court had dismissed the bill as to Ayres on the hearing. This court will examine the entire record on the present writ of error, and judge as to the effect of what was done in the court below at any stage of the proceedings. The complainants have voluntarily put Mrs. Hutchinson and Thomas out of the case, and if this court were to reverse the decree as to Ayres and remand the cause to the

circuit court, that court, as the case stands, would be compelled to enter another decree dismissing the bill as to Ayres for want of proper parties, if not upon the merits.

The complainants having voluntarily dismissed these parties out of the case, under no misapprehension as to the facts, we are aware of no principle or rule of chancery practice which permits them to come into this court and ask for a reversal of the decree of the court below, to enable them to go back to that court and to ask that the order of dismissal made on their own motion be vacated.

It is true the order of dismissal was made "without prejudice as to any suit at law that complainants may be advised to bring," but reservation is only as to complainants' right to renew litigation as to Maria Hutchinson and Thomas in a suit at law.

The decree of the court below is affirmed.